Lisa M. ROMANO, Plaintiff–Appellant,

v.

CHAUTAUQUA OPPORTUNITIES, INC., Defendant–Appellee.

No. 13–2303–cv.

United States Court of Appeals, Second Circuit.

March 26, 2014.

Richard J. Perry (Lindy Korn, on the brief), Law Office of Lindy Korn, Buffalo, NY, for Appellant.

Edward Wagner, Wagner & Hart, LLP, Olean, NY, for Appellee.

PRESENT: CHESTER J. STRAUB, ROBERT D. SACK, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Lisa Romano appeals from the District Court's grant of summary judgment in favor of her former employer, Chautauqua Opportunities, Inc. ("COI"), on her claim of discriminatory termination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*[1]

We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's grant of summary judgment *de novo*. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir.2010). Romano's claim of disability discrimination is governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir.2009). On appeal, argues that the District Court, having assumed that she established a *prima facie* case of discrimination, should have denied summary judgment reason for her termination, and (2) there was evidence from which a reasonable juror could infer that the proffered reason was pretextual. We disagree.

We need not resolve whether Romano established a *prima facie* case because COI sufficiently articulated a legitimate nondiscriminatory explanation for her termination. *See U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). COI Executive Director Roberta Keller explained that an organizational restructuring prompted by a loss of funding caused her to eliminate three positions, including the sole clerk scheduler position held by Romano. Remaining positions were changed in part to centralize certain job functions, including those previously performed by the clerk scheduler. This explanation is clear and specific enough to satisfy COI's burden of production. *See Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 136 (2d Cir.2000).

The burden having shifted back to Romano to provide competent evidence of pretext, she failed to raise a genuine factual dispute as to whether Keller's explanation is pretextual. Nothing in the record rebuts Keller's testimony that she was ultimately responsible for the decision to eliminate Romano's position and restructure other positions and was unaware at the time that Romano was disabled. Because Keller considered department recommendations in making this restructuring determination, Romano suggests that her decision may have been tainted by a recommendation from Romano's direct supervisors. *See Bickerstaff v. Vassar College*, 196 F.3d 435, 450 (2d Cir.1999). But absent evidence that those superiors played a meaningful role in the specific decision to eliminate Romano's position, this is mere conjecture.

Nor is there evidence from which rationally to infer that Romano's supervisors used the restructuring as a pretext to fire her by not offering her one of the modified positions. As Keller explained, these positions were created by revising the job responsibilities of retained positions, all of which were occupied by existing employees. Romano gives no reason why COI was required to bump the employees already in those jobs to accommodate her. Even if we were to view the expanded positions that absorbed Romano's job functions as available positions, Romano has not demonstrated that she was qualified for these jobs. *See Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 111 (2d Cir.1992). Because Romano has not produced evidence that would permit a reasonable factfinder to conclude that the restructuring was a pretext for terminating her, COI is entitled to

---

1. In her opening brief, Romano addresses neither the District Court's award of summary judgment in favor of COI on her claim for failure to accommodate nor its decision to

deny her motion for reconsideration. Accordingly, we consider both issues abandoned and do not address them here. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

summary judgment. *See Patterson v. Cnty. of Oneida,* 375 F.3d 206, 221 (2d Cir.2004).

We have considered Romano's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.